```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RECLAIM THE RECORDS and ALEC                )
FERRETTI,                                   )
                                            )
                    Plaintiffs,             )       No. _____
                                            )
            -against-                       )       COMPLAINT
                                            )
UNITED STATES CITIZENSHIP AND               )
IMMIGRATION SERVICES,                       )
                                            )
                                            )
                    Defendant.              )
-----------------------------------------------------------x
```

Plaintiffs, Reclaim the Records and Alec Ferretti, by their attorney David B. Rankin of Beldock, Levine & Hoffman, LLP for their complaint, do hereby state and allege:

### Preliminary Statement

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 *et seq.*, seeking the production of agency records improperly withheld by Defendant United States Department of Homeland Security ("DHS"), specifically its component the United States Citizenship and Immigration Services ("USCIS") ("Defendant"), in response to requests properly made by Plaintiffs.

2. Plaintiffs seek an injunction requiring Defendant to release the requested records.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(b). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Venue is proper as the records exist on databases within this district and Plaintiff Ferretti is a resident of New York.

5. The USCIS has denied Plaintiffs' appeal. Plaintiffs have exhausted all administrative remedies pursuant to 5 U.S.C. § 522(a)(6)(c).

### Parties

6. Alec Ferretti is a board member of Reclaim the Records ("RtR"), a 501(c)(3) non-profit organization that acquires genealogical and archival data sets and images from government sources for the purpose of making such genealogical data free and accessible to the public at large. Collectively, Alec Ferretti and Reclaim the Records are referred to as the "Plaintiffs."

7. Defendant USCIS is an agency within the meaning of 5 U.S.C. §§ 551(1) & 552(f)(1). Defendant USCIS is a component of DHS.

### Factual Background

8. On October 20, 2020, Plaintiffs submitted seven FOIA requests to the USCIS, requesting documents relating to Henry Fuchs, Wilhelm Fuchs, Michelina Camenzuli, Leo Alexander, Antonino LoPresti, Margaret Ferris, and Elizabeth Levine respectively (herein after "Requests"). All named individuals regarding whom documents were requested are deceased and all were born more than 100 years prior to the date of the Requests. The Requests are attached hereto as Exhibit 1.

9. On October 30, 2020, Director of FOIA Operations Jill A. Eggleston closed all seven of Plaintiffs' Requests. Ms. Eggleston closed the Requests on the asserted grounds that Plaintiffs had been required and failed to provide the subjects' date of birth, country of birth, and signature under penalty of perjury or notarized. The closure letters are attached hereto as Exhibit 2.

10. On November 17, 2020, Plaintiffs responded with a letter stating that all individuals were deceased and more than 100 years old in age, and therefore it was not necessary to require the additional information and authorization cited by Ms. Eggleston. Plaintiffs requested either expedited processing of the Requests or otherwise a denial of the Requests in writing. The letter is attached hereto as Exhibit 3.

11. On December 19, 2020, Plaintiffs sent an email to Defendant at the USCIS FOIA office at foipaquestions@uscis.dhs.gov and uscis.foia@uscis.dhs.gov, alerting them that their responses to Plaintiffs' Requests appeared to have been lost in the mail. Plaintiffs' email is attached hereto as Exhibit 4.

12. On December 21, 2020, Defendant responded informing Plaintiffs that all the Requests had been closed for the reasons given in Ms. Eggleston's October 30, 2020 letter (Exhibit 2), and that Plaintiffs would need to submit new FOIA requests in order to obtain the requested documentation. Defendant's email is attached hereto as Exhibit 5.

13. On or around January 1, 2021, Plaintiffs received four of the responses that had been previously lost in the mail responding to their November 17 letter (Exhibit 3). In the letters, dated December 2, 2020, Director of FOIA Operations Jill A. Eggleston responded to Plaintiffs' letter and denied the requests regarding Henry Fuchs, Wilhelm Fuchs, Margaret Ferris, Leo Alexander, and Antonino LoPresti in their entirety. The letters are attached hereto as Exhibit 6.

14. On January 15, 2021, Plaintiffs appealed the denial of the Requests. The appeals are attached hereto as Exhibit 7.

15. On February 2, 2021, Associate Counsel of USCIS Alan D. Hughes responded to the appeals, informing Plaintiffs that the Requests would fall under the USCIS Genealogy Program

3

and the National Records Center would provide no further assistance in the matter, denying Plaintiff's appeal. The response is attached hereto as Exhibit 8.

16. There is no legal reason why a FOIA request would need to go through the USCIS Genealogy Program.

## Cause of Action

17. Defendant improperly diverted Plaintiffs' Requests to the USCIS Genealogy Program, established by Title 8 of the US Code, Chapter 12, Subchapter II, Part IX, § 1356. This statute does not, and indeed no statute nor internal rule does, supersede Defendant's obligations under FOIA.

18. Defendant's failure to promptly make available the records sought by the Requests violates the FOIA, 5 U.S.C. § 522(a)(3)(A)-(D), and Defendant's corresponding regulations.

## Request for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' Requests and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiffs' Requests;

B. Issue a declaration that Plaintiffs are entitled to disclosure of the records responsive to Plaintiffs' Requests;

C. Order Defendant to disclose all non-exempt records responsive to Plaintiffs' Requests in their entirety, as well as all non-exempt portions of responsive records;

D. Order Defendant to promptly provide an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and its progeny, inventorying all responsive records and itemizing and justifying all withholdings of responsive documents;

E. Enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to Plaintiffs' Requests;

F. Immediately process all records responsive to the Requests;

G.     Award Plaintiffs reasonable attorneys' fees and costs pursuant to incurred in this action; and 5 U.S.C. § 552(a)(4)(E);

H.     Grant such other relief as the Court may deem just and proper

Dated:     July 27, 2021
           New York, New York

                Respectfully submitted,

By:_____
David B. Rankin
Beldock, Levine & Hoffman, LLP
99 Park Avenue, PH/26th Fl.
New York, New York 10016
t: 212-277-5825
e: DRankin@blhny.com

Katherine "Q" Adams
e: QAdams@blhny.com

5