# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016-1601

CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
MARJORY D. FIELDS
JOSHUA S. MOSKOVITZ
EMILY JANE GOODMAN
   (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF: 828900.060

WRITER'S DIRECT DIAL:
drankin@blhny.com
212-277-5825

**VIA ECF**

February 15, 2022

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Reclaim the Records, et al. v. USCIS*, No. 21-cv-6397 (MKV)

Dear Judge Vyskocil,

I write on behalf of both Plaintiffs Reclaim the Records and Alec Ferretti and the Defendant United States Citizenship and Immigration Services ("USCIS") pursuant to the Court's order dated October 26, 2021 requesting a joint letter on the status of this action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). (Dkt. #10).

Plaintiffs filed this action against USCIS on July 27, 2021, seeking the production of agency records that they allege were improperly withheld by USCIS in response to several FOIA requests. Specifically, the FOIA requests seek immigration files relating to seven individuals, and "[a]ll named individuals regarding whom documents were requested are deceased and all were born more than 100 years prior to the date of the Requests." (Dkt. #1). Defendant has stated that it has produced all responsive records to Plaintiffs through its two productions on November 16, 2021, and January 6, 2022.

The parties have met and conferred and determined that the only remaining issue to be decided is that of fees. *See* 5 U.S.C. § 552(a)(4)(E). The parties' respective positions as to that issue are set forth below.

BELDOCK LEVINE & HOFFMAN LLP

The Honorable Mary Kay Vyskocil
February 15, 2022
Page 2

**Plaintiffs' Position**

The agency denied Plaintiffs' FOIA requests because it argued that the USCIS Genealogy Program was the only avenue available for Plaintiffs to request these records and that the FOIA and its corresponding regulations were superseded by that program. This litigation seeks a ruling stating that FOIA is not preempted by the USCIS Genealogy Program. Plaintiffs seek to make a fee application because Defendant's initial denial of Plaintiffs' FOIA requests for immigration files of the seven named individuals was unreasonable. It is Plaintiffs' position that Defendant USCIS has set up a "chute" by which the agency circumnavigates its duties under FOIA by diverting requests such as Plaintiffs' into the USCIS Genealogy Program. Given the unusual nature of this fee application, Plaintiffs have agreed to waive collecting fees on the fee application and the litigation thereof, as our goal is not to run up attorneys' fees, but to adjudicate the propriety of the denials of these FOIA requests.

**Defendant's Position**

Defendant does not adopt Plaintiffs' characterization of the adjudication of their FOIA requests at the administrative stage and reserves its right to oppose any request for fees on any basis, including, but not limited to, that the denials of the FOIA requests at the administrative stage were reasonable.

Thank you in advance for your consideration of this matter.

Very best regards,

David B. Rankin